UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LENORE ELLEN WALTERS,

       Plaintiff,                                Hon. Janet T. Neff

v.

                                          Case No. 1:20-cv-191

CHALLENGE MAUFACTURING
COMPANY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Dismiss. Defendant argues that this lawsuit is an attempt to relitigate, and duplicative of, a prior lawsuit in this Court. (ECF No. 14.) Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendant's motion be **GRANTED**.

**I. BACKGROUND**

On May 13, 2019, Plaintiff, who was then and presently remains employed by Defendant, filed a complaint in this Court, captioned *Lenore Ellen Walters v. Challenge Manufacturing*, No. 1:19-cv-377 (the 2019 Case), alleging that Defendant discriminated against her and created a hostile work environment based on her age. (ECF No. 1.) Early in the 2019 Case, Plaintiff filed documents purporting to supplement her initial claims alleging additional incidents of age discrimination and harassment. She also alleged that she had been subjected to unlawful retaliation. On May 15, 2019, Plaintiff supplemented her complaint with documents that, she alleged, demonstrated the same pattern of age discrimination and retaliation relating to her recent transfer to the "Autos" Department. (2019 Case, ECF No. 6-1 at PageID.15–16.) On June 17, 2019, Plaintiff filed an additional supplement which contained documents pertaining to her original

claims, as well as additional allegations of age discrimination, retaliation and harassment from May and June 2019. (2019 Case, ECF No. 7.) Plaintiff's supplement referenced "EEOC Retaliation Case 471-2019-03283" and contained documents relating to that complaint that Plaintiff had recently filed with the Equal Employment Opportunity Commission (EEOC). (*Id.* at PageID.45; ECF No. 7-1 at PageID.4–74.)

Defendant deposed Plaintiff on February 19, 2020. During the deposition, counsel explored all of Plaintiff's previous allegations in the 2019 Case, up to and including Plaintiff's May 2019 transfer from the Production Department to the Quality Department. (2019 Case, ECF No. 40-3.) On February 24, 2020, the parties participated in voluntary facilitative mediation. (2019 Case, ECF No. 38.) On March 6, 2020, Defendant filed a motion for summary judgment addressing Plaintiff's allegations of discrimination, harassment, and retaliation through 2019. (2019 Case, ECF No. 40.) Defendant specifically discussed Plaintiff's 2019 EEOC complaint alleging retaliation and cited Plaintiff's deposition testimony relating to those allegations. (*Id.* at PageID.245; ECF No. 40-3 at PageID.350–72.) Plaintiff filed her response to the motion on May 28, 2020, and thus, had an opportunity to address Defendant's arguments. (2019 Case, ECF No. 43.) On June 17, 2020, I issued a Report and Recommendation recommending that Defendant's motion for summary judgment be granted as to all claims, including Plaintiff's retaliation claim arising out of the events that occurred in 2019. (2019 Case, ECF No. 46.)

Plaintiff filed the instant case on March 3, 2020—three days before Defendant filed its motion for summary judgment in the 2019 Case and about a week after the mediation occurred. Plaintiff's complaint contains many of the same allegations that were at issue in the 2019 Case, including those regarding her transfer into a new department and the harassment she experienced following her transfer. (ECF No. 1 at PageID.3–5.) Plaintiff also alleged that she filed her

complaint in this case after the mediator in the 2019 Case allegedly told her about missteps that she had made in that case. (*Id.* at PageID.4.)

## II. DISCUSSION

Defendant moves for dismissal of this case pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that it amounts to improper claim splitting and duplicative litigation. A defendant may properly raise these arguments, which amount to affirmative defenses, in a Rule 12(b)(6) motion. *See Jackson v. Michigan*, 1:13-CV-74, 2013 WL 5147697, at *4 (W.D. Mich. Sept. 12, 2013) (noting that "the Sixth Circuit routinely authorizes review of a *res judicata* defense on [a] motion to dismiss under Rule 12(b)(6)"); *Apseloff v. Family Dollar Stores, Inc.*, No. 1:06-CV-133, 2006 WL 1881283, at *1–2 (S.D. Ohio July 6, 2006) (noting that courts permit defendants to raise the affirmative defense of res judicata by way of a Rule 12(b)(6) motion). Rule 12(b)(6) is appropriate for such defenses "because the district court can take judicial notice of other court proceedings without converting a motion to dismiss to a motion for summary judgment." *Jackson*, 2013 WL 5147697, at *4 (citing *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 817 (6th Cir. 2010)). Here, the Court may notice its own proceedings.

Claim splitting—a species of the doctrine of res judicata—occurs where a party brings two different suits presenting two different theories based on the same set of facts. *Wilkins v. Jakeway*, 183 F.3d 528, 535 (6th Cir. 1999) (citing Restatement (Second) of Judgments § 24, 25 cmt. a, d). Res judicata, or more precisely here, claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). As the Sixth Circuit has explained, "[e]ssentially, claim splitting is the same as res judicata, but with a presumption of a final judgment instead of an actual final judgment." *Waad v. Farmers Ins. Exch.*,

3

762 F. App'x 256, 260 (6th Cir. 2019) (citing *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013)). The doctrine applies when no final judgment has been entered in the first suit, but the first suit would bar the second suit if it were final. *Id.* The rule against duplicative litigation is related to the doctrine of res judicata. *See Waad*, 762 F. App'x at 260 (quoting *Curtis v. Citibank*, 226 F.3d 133, 138 (2d Cir. 2002)). Under this doctrine, a district court may "'stay or dismiss a suit that is duplicative of another federal court suit' using 'its general power to administer its docket.'" *Id.* quoting *Curtis*, 226 F.3d at 138 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

Defendant argues that the rule against claim splitting applies in this case because, if the Court enters a final judgment in the 2019 Case, all of the requirements will be met for claim preclusion to apply in this case. Those elements are: (1) a final decision on the merits in the first action by a court of competent jurisdiction; (2) a second action between the same parties or their privies; (3) an issue is raised in the second action that was actually litigated or should have been litigated in the first action; and (4) an identity of claims between the two actions. *Heike v. Central Mich. Univ. Bd. of Trs.*, 573 F. App'x 476, 480 (6th Cir. 2014) (citing *Sanders Confectionery Prods., Inc. v. Heller Fin. Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)). Defendant argues that this case is similar to *Barr v. Board of Trustees of Western Illinois University*, 796 F.3d 837 (7th Cir. 2015), in which the Seventh Circuit held that res judicata barred the plaintiff's second action, even though the plaintiff did not file her second EEOC complaint and receive her right-to-sue letter until after she had filed the first lawsuit. *Id.* at 840. The plaintiff's first lawsuit, which was dismissed with prejudice for failure to prosecute, alleged that the defendant's nonrenewal of her contract was retaliation for the plaintiff's complaint about racial discrimination. The plaintiff's second lawsuit alleged that the defendant retaliated against her based on her prior EEOC complaint and engaged

4

in sex and age discrimination in not renewing her contract. The court said that, even though the second lawsuit presented discrimination claims and a different theory of retaliation than the first lawsuit, the plaintiff improperly split her claims because both suits arose out of the defendant's decision not to renew the plaintiff's contract. As for the exhaustion requirement, the court noted that it had "repeatedly explained that a plaintiff in this situation—that is, a discrimination claimant who is waiting for a right-to-sue letter on new claims that are factually linked to an earlier suit—can easily ask the district court to stay the first case until the EEOC letter arrives." *Id.* Defendant argues that the circumstances here are even more compelling than those in *Barr* for application of claim preclusion because Plaintiff made the same allegations in the 2019 Case that she makes in this case and those allegations were litigated on the merits.

Plaintiff responds that claim preclusion is inapplicable because this case relates to events that occurred after Plaintiff filed the 2019 Case. She argues that she could not have asserted her retaliation claim in the 2019 Case prior to December 2019, when she received her right-to-sue letter on the May 2019 retaliation claim, because the Court lacked jurisdiction over the claim. Plaintiff further argues that, even had she filed a motion to amend or supplement her complaint, she would not have had sufficient time to conduct discovery on that claim. Plaintiff also contends that, because her claim arose after she filed the 2019 Case, she was not required to file a motion to supplement but instead had the option of filing a new case. In this regard, she argues that *Barr* is distinguishable from this case because her claims arise out of a separate set of facts that occurred subsequent to her complaint in the 2019 Case.

Plaintiff is correct that *Barr* differs from this case because Plaintiff's retaliation claim relates to separate events that occurred after she filed the 2019 Case, whereas in *Barr*, the plaintiff's claims in both cases arose out of the nonrenewal of her contract. But there are other differences

5

that make this an even stronger case for applying the claim preclusion/claim splitting doctrine. While it is true that Plaintiff never formally moved to amend or supplement her complaint in the 2019 Case, she nonetheless placed the May 2019 retaliation claim at issue, which implicates the constructive amendment doctrine. "Constructive amendments typically occur when a specific claim is not raised, but the parties by their actions act as if they consent to making the claim a part of the proceedings." *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 697 F.3d 387, 399 (6th Cir. 2012); *see also Stemler v. City of Florence*, 126 F.3d 856, 872 (6th Cir. 1997) ("It is well-settled that the parties may constructively amend the complaint by agreeing, even implicitly, to litigate fully an issue not raised in the original pleadings.") (citing 6A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1493 at 19 (2d ed. 1990)). As noted above, early in the 2019 Case, Plaintiff filed documents relating to the May 2019 retaliation claim that Defendant reasonably construed as adding the issue to the case. (2019 Case, ECF No. 7 at PageID.45; ECF No. 7-1 at PageID.51–74.) Although Defendant questioned Plaintiff about these facts during her deposition, there is no indication that she objected or otherwise asserted that these facts or events were beyond the scope of the 2019 Case. Moreover, Plaintiff implicitly conceded that the May 2019 retaliation claim was at issue when she listed witnesses who were central to the claim, including Ted Mattis and Susan (Waha), who participated in the May 2019 meeting in which Plaintiff received news of the alleged adverse action. (2019 Case, ECF No. 24-1 at PageID.145.)

It is of no consequence that Plaintiff had not received her right-to-sue letter at the time she asserted the retaliation claim. The Sixth Circuit recognizes that a right-to-sue letter is not jurisdictional, but instead is a condition precedent. *See Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998). "Accordingly, the requirement of obtaining a right-to-sue letter may be waived by the parties or the court." *Parry v. Mohawk Motors of Mich.*, 236 F.3d 299, 309 (6th

Cir. 2000) (waiving the right-to-sue letter requirement where the plaintiff obtained the letter after he filed his complaint but prior to its dismissal, as the defendants suffered no prejudice from the plaintiff's failure to satisfy the condition precedent). Here, the parties' conduct shows that they waived the condition precedent.

Finally, Plaintiff's timing in filing her complaint in this case is telling. Plaintiff would have received the right-to-sue letter around December 15, 2019, *see Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988) (noting the Sixth Circuit's presumption that a right-to-sue letter is received five days after the EEOC mails it to the employee), yet, she did not file her complaint until March 3, 2019—near the end of the 90-day period for doing so. By that time, mediation had occurred and, according to Plaintiff, the mediator had identified Plaintiff's missteps in handling the 2019 Case. (ECF No. 1 at PageID.4.) In short, Plaintiff is using this case as an improper "second bite at the apple." Accordingly, I recommend that Defendant's motion to dismiss be granted.

### III. CONCLUSION

For the foregoing reasons, I recommend that Defendant's motion to dismiss (ECF No. 14) be **granted** and Plaintiff's complaint be **dismissed with prejudice**.

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: September 15, 2020                              /s/ Sally J. Berens
                                                                                                 SALLY J. BERENS
                                                                                                 U.S. Magistrate Judge